IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHLEEN T. BONNELL, | ) | 4:18CV3066 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| KENNETH JAMES KARELS, | ) | |
| GREAT WESTERN BANCORP, | ) | |
| INC., DEVAN EISENMENGER, and | ) | |
| DOES 1 THROUGH 25, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this case on May 3, 2018. She has been granted leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](28 U.S.C. § 1915(e)(2)). For the reasons discussed below, Plaintiff will need to file an Amended Complaint before this case may proceed.

## *I. SUMMARY OF COMPLAINT*

Plaintiff alleges that her mother maintained a checking account at the Great Western bank in Ord, Nebraska, which passed to Plaintiff upon her mother's death on September 17, 2017, and that on October 2, 2017, the bank paid $2,151.85 out of the account to Plaintiff's brother, who wrote an unauthorized check to himself. Plaintiff seeks reimbursement, plus damages for "intentional infliction of emotional distress" in the amount of $75,000.00, and approximately $1,000.00 for attorney fees that were incurred in attempting to resolve the matter. Named as Defendants are Great Western Bancorp, Inc., its CEO, Kenneth Karels, and its Ord branch bank manager, Devan Eisenmenger.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff alleges that subject-matter jurisdiction exists pursuant to 28 U.S.C. § 1332, which provides that federal district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of different states. Plaintiff's allegations fail to show that either of these requirements is met in this case. "It is axiomatic that a court may not proceed at all in

a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).

Under section 1332, the citizenship of each plaintiff must be different from the citizenship of each defendant. *Ryan v. Schneider Nat'l. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Plaintiff alleges that she is a citizen of Nebraska, that Great Western Bancorp is a South Dakota corporation (and therefore a citizen of that state), and that Mr. Karels likewise is a citizen of South Dakota. Plaintiff does not allege the citizenship of Mr. Eisenmenger, but he is identified as the manager of the Ord branch bank, so he most likely is a citizen of Nebraska. To proceed with this action based on diversity of citizenship, Plaintiff must either allege sufficient facts to show that Mr. Eisenmenger is not a citizen of Nebraska or else dismiss him as a Defendant. The court on its own motion will grant Plaintiff leave to file an Amended Complaint for this purpose.

The court also questions the legitimacy of Plaintiff's claim for $75,000.00 in damages for emotional distress. No facts are alleged in the Complaint to justify such a large award. Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but ... the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546 (2005). Plaintiff therefore will be required to amend her Complaint to allege with particularity any symptoms or physical manifestations of her emotional distress and to attach to the Amended Complaint copies of all supporting evidence, including any pertinent medical records, to establish that the jurisdictional amount is satisfied in this case.[1] The court makes no determination at this time as to whether

---

[1] To protect her privacy, Plaintiff may request that the Amended Complaint be filed as a restricted access document which will only be accessible by the parties and court users. *See* NECivR 5.3(c).

damages for emotional distress are ever recoverable for the type of claim which is alleged by Plaintiff, but may consider that question and any other legal issues when it conducts an initial review of the Amended Complaint.

### *III. CONCLUSION*

The court questions whether it has subject matter jurisdiction over this case. Plaintiff will be given 30 days to file an Amended Complaint in order to show that there is complete diversity of citizenship and also that the amount in controversy exceeds $75,000.00. Exhibits must also be filed to support the amount of damages claimed by Plaintiff for emotional distress.

IT IS THEREFORE ORDERED:

1. Plaintiff will have 30 days in which to file an Amended Complaint, with attached exhibits, as specified in this Memorandum and Order.

2. Plaintiff's failure to file an Amended Complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

3. Plaintiff's motion for issuance of summons (Filing No. 6) is denied without prejudice.

4. The clerk's office is directed to set a pro se case management deadline using the following text: June 21, 2018: check for amended complaint.

DATED this 22nd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge