IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHLEEN T. BONNELL, | ) | 4:18CV3066 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| KENNETH JAMES KARELS, | ) | |
| GREAT WESTERN BANCORP, | ) | |
| INC., and DOES 1 THROUGH 25, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this case on May 3, 2018, and has been granted leave to proceed in forma pauperis. The court previously conducted an initial review of Plaintiff's Complaint (Filing 1), and, in a Memorandum and Order entered on May 22, 2018 (Filing 7), questioned whether it has subject matter jurisdiction over this case. The court therefore gave Plaintiff 30 days to amend her pleading in order to show there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Plaintiff filed an Amended Complaint (Filing 9) on June 15, 2018. The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF PLEADINGS

Because Plaintiff's Amended Complaint specifically incorporates by reference the allegations of her original Complaint and its attached exhibits (see Filing 9, ¶ 3), and does not repeat those allegations or duplicate the exhibits, the court will consider the Amended Complaint as supplemental to, rather than superseding, the original Complaint. *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as

superseding, the original pleading, unless the pleading states that it supersedes the prior pleading.").

### A. Original Complaint

Plaintiff alleges that her mother maintained a checking account at the Great Western bank in Ord, Nebraska, which passed to Plaintiff upon her mother's death on September 17, 2017, and that on October 2, 2017, the bank paid $2,151.85 out of the account to Plaintiff's brother, who wrote an unauthorized check to himself. It is alleged that a power of attorney granting Plaintiff's brother the right to act on behalf of the mother automatically expired upon her death.

Plaintiff seeks reimbursement, plus $75,000.00 for emotional distress and approximately $1,000.00 for attorney fees that were incurred in attempting to resolve the matter. Named as Defendants are Great Western Bancorp, Inc., its CEO, Kenneth Karels, and its Ord branch bank manager, Devan Eisenmenger.

### B. Amended Complaint

Plaintiff has removed Devan Eisenmenger as a Defendant in order to have complete diversity of citizenship (see Filing 9, ¶ 2), and has increased the amount of damages by claiming the emotional distress she suffered has caused her to be unable to obtain employment as a truck driver. Plaintiff's theories of recovery include breach of contract, breach of fiduciary duty, and either intentional or negligent infliction of emotional distress. Attached to the Amended Complaint are additional documents pertaining to the banking transaction, and Plaintiff's mental health records.

Plaintiff claims loss of present and future earnings of $70,000.00 per year, and a total damage award of $1,050,000.00 for such economic loss and her emotional distress. Plaintiff also alleges she incurred a $10,000.00 debt for unsuccessful completion of truck driver training.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

For purposes of initial review, the court will assume that Nebraska substantive law applies to this diversity case. *See BBSerCo, Inc. v. Metrix Co.*, 324 F.3d 955, 960 n.3 (8th Cir. 2003) (citing *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 426 (7th Cir. 1991)) ("The operative rule is that when neither party raises a conflict of law issue in

a diversity case, the federal court simply applies the law of the state in which the federal court sits").

### A. Claims Against Defendant Karels

As an initial matter, the court does not find any allegations of fact to support a plausible claim for relief against Defendant Karels. "Generally, a corporation is viewed as a complete and separate entity from its shareholders and officers, who are not, as a rule, liable for the debts and obligations of the corporation." *Christian v. Smith*, 759 N.W.2d 447, 462 (Neb. 2008). "An officer who takes no part in the commission of the tort is not personally liable to third persons for the torts of other agents, officers, or employees of the corporation." *Huffman v. Poore*, 569 N.W.2d 549, 559 (Neb. App. 1997). Because Karels is not alleged to have participated in any wrongdoing, he will be dismissed from the action without prejudice.[1]

### A. Breach of Contract

Plaintiff's breach-of-contract claim is governed by Article 4 of the Uniform Commercial Code ("U.C.C."). "The foundation of the relationship between a bank and its customer is the bank's agreement to pay out the customer's money only on his or her order, and the bank's relation to its depositor is that of debtor and creditor. Section 4-401, U.C.C., provides that a bank may charge against a customer's account any item which is 'properly payable' from that account." *Maddox v. First Westroads Bank*, 256 N.W.2d 647, 652 (Neb. 1977).

"The measure of damages for failure to exercise ordinary care in handling an item is the amount of the item reduced by an amount that could not have been realized by the exercise of ordinary care. If there is also bad faith it includes any other damages

---

[1] Such a dismissal will not preclude Plaintiff from making Karels a defendant at a later date if she is able to allege facts to support a finding of personal liability.

the party suffered as a proximate consequence." Neb. Rev. Stat. U.C.C. § 4-103(5). In other words, Plaintiff's potential damages under this section cannot exceed the amount of the alleged mispayment ($2,151.85), unless she can establish bad faith on the part of the bank. *See Berman v. U. S. Nat. Bank*, 249 N.W.2d 187, 195 (Neb. 1976) (observing that section 4-103(5) "provides for consequential damages proximately caused if there has been bad faith."); *see also Braesch v. Union Ins. Co.*, 464 N.W.2d 769, 778 (Neb. 1991). ("Damages for mental anguish are not, as a general rule, recoverable in actions for breach of contract unless the breach amounts in substance to willful or independent tort.").

The term "bad faith" is not defined in Article 4 of the Uniform Commercial Code, but "the connotation is the absence of good faith." *See* Neb. Rev. Stat. U.C.C. § 4-103, comment 6 (also stating that the "proximateness" of other damages "is to be tested by the ordinary rules applied in comparable cases"). "Good faith" means "honesty in fact and the observance of reasonable commercial standards of fair dealing." Neb. Rev. Stat. U.C.C. § 3-103(6).

Plaintiff alleges that the bank repeatedly has refused to refund the withdrawn funds, despite knowing that the withdrawal of funds was unauthorized, and has also engaged in certain misleading and unethical conduct. At least for purposes of initial review, the allegations of the Complaint and Amended Complaint, with attached exhibits, are sufficient to state a plausible "bad faith" claim.

Because Plaintiff's "other damages" for emotional distress and economic loss might be enough to meet the jurisdictional threshold, this action will be allowed to proceed. *See Federated Mut. Ins. Co. v. Moody Station & Grocery*, 821 F.3d 973, 977 (8th Cir. 2016) (a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("As we see it, the federal court has jurisdiction here unless, as a matter of law, [the plaintiff] could not recover ... damages

for emotional distress, the amount of damages that she could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents.").

### B. Breach of Fiduciary Duty

"To recover on a breach of fiduciary duty claim, a plaintiff must prove: (1) the defendant owed it a fiduciary duty; (2) the defendant breached the duty; (3) the breach was the cause of the injury to the plaintiff; and (4) the plaintiff was damaged." *Estate of Joyce Rosamond Petersen*, 2016 WL 6102339, at \*3 (citing *McFadden Ranch, Inc. v. McFadden,* 807 N.W.2d 785, 790 (Neb.App. 2011)). The existence of a fiduciary duty and the scope of that duty are questions of law for a court to decide. *Id.* (citing *Gonzalez v. Union Pac. R.R.*, 803 N.W.2d 424, 446 (Neb. 2011)). "Under Nebraska law, '[a] fiduciary duty arises out of a confidential relationship which exists when one party gains the confidence of the other and purports to act or advise with the other's interest in mind.'" *McCormack v. Citibank, N.A.*, 100 F.3d 532, 540 (8th Cir. 1996) (quoting *Wolf v. Walt*, 530 N.W.2d 890, 898 (Neb. 1995)).

There is a "presumption under Nebraska law that ordinarily 'the relationship between a bank and a customer ... imposes no fiduciary duty upon the bank.'" *McCormack*, 100 F.3d at 540-41 (quoting *Chase v. Deneau*, No. A-91-1015, 1993 WL 70947, at \*2 (Neb. Ct. App. Mar.16, 1993)). Because the facts alleged by Plaintiff do not show the existence of a confidential relationship, she cannot recover any damages on a theory that the bank breached its fiduciary duty.

### C. Intentional or Negligent Infliction of Emotional Distress

"To recover for intentional infliction of emotional distress, a plaintiff must prove (1) intentional or reckless conduct (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community and (3) that the

conduct caused emotional distress so severe that no reasonable person should be expected to endure it." *Roth v. Wiese*, 716 N.W.2d 419, 431 (Neb. 2006) (citing *Brandon v. County of Richardson*, 624 N.W.2d 604 (Neb. 2001)). "Whether conduct is extreme and outrageous is judged on an objective standard based on all the facts and circumstances of the particular case. The facts must be such that when heard, an average member of the community would resent the actor and exclaim 'Outrageous!' Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities that result from living in society do not rise to the level of extreme and outrageous conduct. In determining whether certain conduct is extreme and outrageous, the relationship between the parties and the susceptibility of the plaintiff to emotional distress are important factors to consider. Conduct which might otherwise be considered merely rude or abusive may be deemed outrageous when the defendant knows that the plaintiff is particularly susceptible to emotional distress." *Id.* at 432 (citations omitted). "Although outrageous conduct and severe emotional distress are separate elements of the tort of intentional infliction of emotional distress, the two are related in that the extreme and outrageous character of the conduct is itself important evidence that severe emotional distress existed on account of the conduct. *Id.* at 433.

The Nebraska Supreme Court has "set a high hurdle for establishing outrageous conduct," *Heitzman v. Thompson*, 705 N.W.2d 426, 431 (Neb. 2005), but the facts alleged in this case indicate the bank was put on notice by Plaintiff that the withdrawal of funds by her brother was unauthorized. If the bank also had knowledge of other facts alleged, such as Plaintiff's financial situation and mental condition, a plausible claim exists for intentional infliction of emotional distress based on the bank's continued refusal to honor its repayment obligation to its customer. *See, e.g., Dale v. Thomas Funeral Home,* 466 N.W.2d 805 (Neb. 1991) (finding actionable conduct where funeral home refused to release body until widow paid $490 embalming fee).

"Severe emotional distress is also an element of the tort of negligent infliction of emotional distress." *Kant v. Altayar*, 704 N.W.2d 537, 540 (Neb. 2005). "In Nebraska, where there is no impact or physical injury to the plaintiff, the plaintiff

seeking to bring an action for negligent infliction of emotional distress must show either (1) that he or she is a reasonably foreseeable 'bystander' victim based upon an intimate familial relationship with a seriously injured victim of the defendant's negligence or (2) that the plaintiff was a 'direct victim' of the defendant's negligence because the plaintiff was within the zone of danger of the negligence in question." *Catron v. Lewis*, 712 N.W.2d 245, 248-49 (Neb. 2006) (citing *Hamilton v. Nestor*, 659 N.W.2d 321 (Neb. 2003); *James v. Lieb*, 375 N.W.2d 109 (Neb. 1985)). In this case, Plaintiff claims to be a "direct victim" of the bank's alleged negligence in permitting her brother to withdraw funds from the checking account and in failing to respond appropriately to Plaintiff's demands for reimbursement.

To recover damages for either intentional or negligent infliction of emotional distress, the "emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant." *Hamilton*, 659 N.W.2d at 329; *Schleich v. Archbishop Bergan Mercy Hosp.*, 491 N.W.2d 307, 310-11 (Neb. 1992). Plaintiff's mental health records indicate she has a history of both major depressive disorder and post-traumatic stress disorder, and has sought counseling since her brother withdrew the money from the checking account. This is sufficient to demonstrate the existence of compensable injury. *See Roth*, 716 N.W.2d at 433 (expert testimony established that plaintiff suffered from posttraumatic stress disorder and chronic depression, caused at least in part by defendant's harassment).

### *IV. CONCLUSION*

Liberally construing Plaintiff's Complaint, as supplemented by the Amended Complaint, the court finds probable subject matter jurisdiction and concludes there is a sufficient factual basis for the case to proceed against Great Western Bancorp, Inc., on theories of breach of contract (pursuant to the U.C.C.) and either intentional or negligent infliction of emotional distress. The court cautions Plaintiff that this is only a preliminary determination based on her pleadings, and is not a determination of the merits of her claims or potential defenses thereto.

IT IS THEREFORE ORDERED:

1. Defendant Devan Eisenmenger is dismissed as a party to this action on Plaintiff's motion. Such dismissal is without prejudice.

2. Defendant Kenneth James Karels is dismissed as a party to this action for Plaintiff's failure to state a claim upon which relief may be granted against said Defendant. Such dismissal is without prejudice.

3. The clerk of the court is directed to complete a summons form and a USM-285 form for Defendant Great Western Bancorp, Inc., 225 South Main Avenue, Sioux Falls, South Dakota 57104.

4. The clerk shall forward the completed forms to the Marshals Service,[2] together with copies of:

    a. Plaintiff's Complaint (Filing 1);

    b. Plaintiff's Amended Complaint (Filing 9); and

    c. This Memorandum and Order.

5. The Marshals Service shall serve Defendant by certified mail or any other method authorized by Federal Rule of Civil Procedure 4(h).[3]

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

[3] "[A] domestic or foreign corporation ... must be served ... in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

8. This case is removed from the pro se docket. The clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

DATED this 11th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1). "[A]n individual ... may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Under Nebraska law, "[a]n individual party ... may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1).